IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ANTHONY ROY HEISEY,<br><br>                    Petitioner,<br><br>    v.<br><br>SUPERINTENDENT S.C.I.<br>COAL TOWNSHIP, et al.,<br><br>                    Respondents. | CIVIL ACTION<br>NO. 15-4469 |

## ORDER

**AND NOW**, this 29th day of October 2015, upon consideration of Petitioner's pro se Petition for Writ of Habeas Corpus (Doc. No. 1), United States Magistrate Judge Timothy R. Rice's Report and Recommendation (Doc. No. 3), and Petitioner's Objections to the Report and Recommendation (Doc. No. 4), it is **ORDERED** that:

1. The Report and Recommendation (Doc. No. 3) is **APPROVED** and **ADOPTED**.[1]

---

[1] The following background information is taken from Magistrate Judge Rice's Report and Recommendation:

> In May 1993, a jury found Heisey guilty of first-degree murder for the "manual strangulation" of his girlfriend, and sentenced him to life imprisonment. See Commonwealth v. Heisey, CP-36-CR-3849-1992, Crim. Dkt. at 2, 4; Habeas. Pet. (doc. 1) at 13. The Superior Court affirmed Heisey's judgment on September 9, 1994, and the Pennsylvania Supreme Court denied review on April 11, 1995. Crim. Dkt. at 5-6.

(Doc. No. 3 at 1.)

On April 27, 2015, Petitioner filed a pro se Petition for Writ of Habeas Corpus with the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) In his Petition, he claims that although his Petition is untimely, it should be reviewed because the delay in filing was the result of newly acquired evidence proving his actual innocence, and because of ineffective assistance of counsel. The case was transferred to this Court on August 6, 2015 (id.), and the case was referred to Magistrate Judge Timothy R.

Rice on August 21, 2015.  (Doc. No. 2.)  Magistrate Judge Rice issued a Report and Recommendation on August 26, 2015 (Doc. No. 3), recommending that Petitioner's claims be dismissed with prejudice as untimely filed.  On September 11, 2015, Petitioner filed Objections to the Report and Recommendation.  (Doc. No. 4.)

In the Eastern District of Pennsylvania, Local Rule 72.1.IV(b) governs a petitioner's objections to a magistrate judge's report and recommendation.  Under that rule, a petitioner must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections."  Savior v. Superintendent of Huntingdon SCI, No. 11-5639, 2012 WL 4206566, at *1 (E.D. Pa. Sept. 20, 2012).  Upon review, "[a district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  "Although [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper."  Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

In the Report and Recommendation, Magistrate Judge Rice concluded that the present Petition was untimely brought and that Petitioner's claims had been procedurally defaulted.  Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must file an application for a writ of habeas corpus within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), unless an alternative start date applies, 28 U.S.C. § 2244(d)(1)(B)-(D).  Magistrate Judge Rice noted that no such alternative start date applied to the present Petition.  Furthermore, Magistrate Judge Rice found that the limitations period should not be statutorily or equitably tolled. This Court agrees with Magistrate Judge Rice's findings that the Petition is untimely.

Statutory tolling is permitted when a collateral state court petition is filed in accordance with state law.  18 U.S.C. § 224(d)(2).  Petitioner never filed a collateral state court petition under the Pennsylvania Post Conviction Relief Act, 42 Pa. Cons. Stat. Ann. § 9545(b), and therefore his Petition was never statutorily tolled.

Equitable tolling, on the other hand, is permitted in the habeas petition context when the defendant has misled the petitioner, the petitioner has been prevented from asserting his rights in some "extraordinary way," or if the petitioner has timely brought his claims but in the wrong forum.  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  Petitioner must also demonstrate that he has "exercised reasonable diligence in investigating and bringing" his claims.  Id.  Petitioner has not set forth in his Petition or in his Objections to the Report and Recommendation any explanation as to how his claims are equitably tolled.  He had until July 10, 1996 to file a habeas petition in federal court, which was ninety days after his judgment of sentence became final when the Pennsylvania Supreme Court denied review of that judgment on April 11, 1995.  Petitioner did not file the present Petition until April 27, 2015, and he has not given any valid explanation for the 20-year delay. Therefore, the Petition may not be equitably tolled.

2. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED WITH PREJUDICE.**

3. Petitioner has failed to make a substantial showing of a denial of a constitutional right and, accordingly, a certificate of appealability **SHALL NOT** issue.

4. This case is **CLOSED** for statistical purposes.

BY THE COURT:


/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.

---

Petitioner's only viable objection to the Report and Recommendation is that it does not properly consider Petitioner's claim that the government presented fraudulent evidence at trial and therefore Petitioner is actually innocent and has been the subject of a miscarriage of justice. When a petitioner claims that his conviction is the result of a miscarriage of justice and bases that claim on newly acquired evidence of his innocence that was not presented at trial, a time-barred habeas petition may be reviewed. Schlup v. Delo, 513 U.S. 298, 324 (1995). Petitioner has failed to demonstrate—both in his Petition and Objections to the Report and Recommendation—that any new evidence has been acquired that demonstrates his actual innocence or that a miscarriage of justice has occurred. Rather, Petitioner asserts these claims generally and recites trial court proceedings. (Doc. No. 1-1 at 13-16.) Petitioner's claims based on his recitation of the record, as opposed to newly acquired evidence, could have been brought within the one-year statute of limitations.

Petitioner also objects that the Report and Recommendation does not address his claim that his Petition was delayed by ineffective assistance of counsel and, for this reason, should be equitably tolled. Petitioner does not explain how counsel was ineffective. To the contrary, Petitioner concedes in his Petition that defense counsel objected at trial to the relevance of the evidence Petitioner now attacks as fraudulently introduced. (Id. at 13.) Without more, Petitioner's claim of ineffective assistance of counsel fails.

Therefore, the Court will agree with the Report and Recommendation that review of Petitioner's untimely habeas petition is not warranted.